UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH PHILLIPS, RICHARD PELLY, THOMAS MATHEW, GREG MCKERVEY, and DESIREE MICHELLE GRAY,<br><br>　　　　　　　　Defendants.<br><br>JOSEPH PHILLIPS,<br><br>　　　　　　　Counterclaim Plaintiff,<br><br>　　v.<br><br>PLINTRON TECHNOLOGIES USA LLC,<br><br>　　　　　　　Counterclaim Defendant. | CASE NO. 24-93<br><br>ORDER OF CONTINUANCE |

This Matter comes before the Court on the Plaintiff/Counterclaim Defendant Plintron Technologies USA LLC's Motion for Extension of Time to Extend Expert Report Deadline, (Dkt. No. 64) and Defendants/Counterclaimant Joseph Phillips, Richard Pelly, Thomas Mathew, Greg McKervey, Desiree Michelle Gray's Motion to Continue Trial Date and Extend Pretrial Deadlines, (Dkt. No. 65.) Having considered the Motions, the Responses (Dkt. Nos. 69, 71), Defendant's Reply (Dkt. No. 73), and all other supporting materials, the Court GRANTS both Motions IN PART.

**BACKGROUND**

Plintron seeks a two-month extension of the deadline for expert witnesses to submit reports. (Dkt. No. 64.) Under the existing case schedule, the expert report deadline is set for December 16, 2024, but has since passed while Plaintiff's motion was under consideration. (See Order Setting Trial Date & Related Dates (Dkt. No. 62).) Plaintiff asserts that because "[f]act discovery is set to close two months after the expert witness reports are due," the two-month extension is needed to "allow any expert witnesses to analyze and incorporate a more complete evidentiary record into their reports." (Dkt. No. 64 at 2.)

Concurrently, Defendants seek a five-to-six month continuance of both the July 14, 2025, trial date, along with the related pretrial deadlines. (Dkt. No. 65.) Defendants identify two primary reasons for the requested extension. First, Defendants assert that Plaintiff's unwillingness or inability "to define its trade secrets with reasonable particularity," requires an extension of the trial date and related deadlines. (Id. at 11–14.) Specifically, Defendants argue that Plaintiff's failure to "identify with reasonable particularity the matter which it claims constitutes a trade secret," prohibits Defendants from "determine[ing] the relevancy of Plaintiff's requested discovery," and thus "produc[ing] responsive documents in a timely fashion. (Id. at

11–12.) Defendants argue that despite their diligence in propounding discovery, even if Plaintiffs were to provide fully responsive responses regarding trade secrets they would be "severely handicapped if forced to comply with the current Scheduling Order," because they would have little time to "adequately explain Plaintiff's trade secrets and convoluted theory of damages to a jury." (Id. at 12–13.) The Court notes that while this extension request was under review, Defendants moved to compel Plaintiff's fulsome responses to their discovery requests related to the trade secrets at issue. (See Defendants' Motion to Compel Discovery (Dkt. No. 90).) Second, Defendants raise the complexity of the case and the volume of discovery needed as good cause to continue the trial date. Defendants claim this case will require "substantial third-party discovery and subpoenas issued by both sides," which, along with "Plaintiff's request for double the normal number of depositions," warrants extension. (Dkt. No. 65 at 10.) Relatedly, Defendants "anticipate that they will also have to pursue discovery by international subpoenas," which may "require foreign service." (Id. at 7–8.)

## ANALYSIS

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Rule 16(b)(6). "If [the] party [seeking the extension] was not diligent, the inquiry should end." Johnson, 975 F.2d at 609.

The Court here finds good cause to continue the trial date and interim case deadlines. While the Court typically does not recognize failure to complete discovery within the time allowed as good cause to alter the case schedule, it finds that extension of the trial and case deadlines is warranted here due to the complexity of the case and growing volume of necessary discovery. In their briefs, both Parties admit that discovery in this case presents a significant challenge that justifies the extension of at least some of the deadlines. (See Dkt. 71 at 4 ("Plaintiff acknowledges that significant discovery remains for both parties, particularly third-party discovery").) Further, the Court notes that recent activity in this case suggest that the matter may be more complex than the Parties initially believed. (See, e.g., Def.'s Motion for Leave to Amend Answer and Counterclaims (Dkt. No. 81).) The Court is also unconvinced that Plaintiffs will suffer any prejudice from the requested extension. Plaintiff's ability to "establish finality to the action and the uncertainty" with its customers will not be significantly impaired by an extension allowing for fulsome investigation and advocacy of the issues. (Dkt. No. 71 at 5.) Nor does the Court agree that a December 2025 trial date would be somehow "impractical" due to Plaintiff's counsel's anticipated "requisite post-trial motions" in a trial set to end the month before. (Id.)

As an aside, the Court turns to the Parties' discussion regarding the number of depositions permitted by each party. Specifically, the Parties refer to an agreement between themselves that each side be permitted 20 depositions as opposed to the 10 depositions permitted under Fed. R. Civ. P. 30(a)(2)(A)(i). (See, e.g., Dkt. No. 65 at 4.) Parties cannot agree amongst themselves to circumvent the requirements laid out by the Federal Rules of Civil Procedure. Should either party seek to conduct more than ten depositions, they must first seek leave of court, and must make a particularized showing of need for each deposition beyond the initial ten. See

Fed. R. Civ. P. 6(b)(2)(A); see also Thykkuttathil v. Keese, 294 F.R.D. 601, 602 (W.D. Wash. 2013).

The Court finds good cause to continue the trial date and interim case deadlines, as requested by Defendants. This continuance necessarily includes continuing the expert witness deadline, as requested by Plaintiff. Therefore, the Court GRANTS IN PART both Motions, and sets the following new trial date and interim deadlines:

| Deadline | Existing Deadline | New Deadline |
| --- | --- | --- |
| JURY TRIAL DATE | July 14, 2025 | December 1, 2025, at 9:00 AM |
| Reports from expert witness under FRCP 26(a)(2) due | December 16, 2024 | May 5, 2025 |
| All motions related to discovery must be filed and noted on the motion calendar in compliance with Local Civil Rule (LCR) 7(d) | January 15, 2025 | June 4, 2025 |
| Discovery completed by | February 14, 2025 | July 7, 2025 |
| All dispositive motions must be filed by and noted on the motion calendar in compliance with LCR 7(d) | March 17, 2025 | August 4, 2025 |
| All motions in limine must be filed by and noted on the motion calendar in compliance with LCR 7(d)(5) | June 9, 2025 | October 27, 2025 |
| Agreed pretrial order due | July 1, 2025 | November 18, 2025 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions: | July 1, 2025 | November 18, 2025 |
| Pretrial conference | July 3, 2025, at 1:30 PM | November 20, 2025, at 1:30 PM |
| Length of Jury Trial | 8–10 Days | 8–10 Days |

//

//

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated January 16, 2025.

*[signature]*

Marsha J. Pechman
United States Senior District Judge