1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH PHILLIPS, RICHARD PELLY, THOMAS MATHEW, GREG MCKERVEY, and DESIREE MICHELLE GRAY, <br><br> Defendants. | CASE NO. 2:24-cv-00093 <br><br> ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| JOSEPH PHILLIPS, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> PLINTRON TECHNOLOGIES USA LLC, <br><br> Counterclaim Defendant. | |

| | |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | This matter comes before the Court on Defendants Joseph Phillips, Richard Pelly, |
| 3 | Thomas Mathew, Greg McKervey, and Desiree Michelle Gray's Motion to Compel Discovery |
| 4 | (Dkt. No. 90.) Having reviewed the Motion, Plaintiff Plintron Technologies USA LLC's |
| 5 | opposition (Dkt. No. 120), Defendants' reply (Dkt. No. 138), and all other supporting materials, |
| 6 | the Court GRANTS the Motion. |
| 7 | **BACKGROUND** |
| 8 | In the underlying litigation, Plaintiff alleges that Defendants, all of whom are former |
| 9 | high-ranking Plintron employees, engaged in a wide range of improper conduct during and after |
| 10 | their employment. (See generally, Compl. (Dkt. No. 1).) Among Plaintiff's various causes of |
| 11 | action are a pair of trade secret misappropriation claims sounding in federal and state law. (Id. at |
| 12 | 37–42 (citing Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1836, et seq.; Washington's |
| 13 | Uniform Trade Secrets Act ("UTSA") RCW § 19.108 et seq.).) |
| 14 | On September 9, 2024, Defendant Richard Pelly served Plaintiff with a set of discovery |
| 15 | requests, including a set of interrogatories seeking information related to Plaintiff's trade secret |
| 16 | misappropriation claims. (Declaration of Jack Lovejoy (Dkt. No. 91) ¶ 3, Ex. 1.) Plaintiff served |
| 17 | its responses to those requests on October 16, 2024. (Id. ¶ 4, Ex. 2.) Defendants now move for an |
| 18 | order compelling Plaintiff to "respond fully and with reasonable concrete specificity to |
| 19 | Defendants' Interrogatories 1–4." (Mot. at 14.) |
| 20 | **ANALYSIS** |
| 21 | **A. Legal Standard** |
| 22 | A plaintiff seeking relief for misappropriation of trade secrets "must identify the trade |
| 23 | secrets and carry the burden of showing that they exist." Imax Corp. v. Cinema Techs., Inc., 152 |
| 24 | |

1  F.3d 1161, 1165 (9th Cir. 1998) (citations omitted). This burden requires plaintiff to "describe
2  the subject matter of the trade secret with <u>sufficient particularity</u> to separate it from matters of
3  general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade."
4  <u>Id.</u> (citations omitted) (emphasis in original). To meet the reasonable particularity standard, the
5  plaintiff must provide "a description of the trade secrets at issue that is sufficient to (a) put a
6  defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to
7  determine the relevancy of any requested discovery concerning its trade secrets." <u>RealD Spark</u>
8  <u>LLC v. Microsoft Corp.</u>, No. 2:22-CV-00942-TL, 2023 WL 3304250, at *2 (W.D. Wash. May 8,
9  2023) (citation omitted); <u>see also</u> <u>Zunum Aero, Inc. v. Boeing Co.</u>, No. C21-0896, 2022 WL
10 17904317, at *4 (W.D. Wash. Dec. 23, 2022).

11      When a defendant seeks to dismiss a complaint which includes allegations of trade secret
12 misappropriation, the "plaintiff should not be compelled to divulge with specificity all of its
13 possible trade secrets . . . in order to proceed to discovery." <u>T-Mobile USA, Inc. v. Huawei</u>
14 <u>Device USA, Inc.</u>, 115 F. Supp. 3d 1184, 1193 (W.D. Wash. 2015). But when a case has
15 proceeded beyond the pleading stage, plaintiffs face a higher burden as the parties must "probe
16 the evidence that will be offered to prove or defend the case with an eye towards a possible
17 summary judgment motion and, eventually, trial." <u>RealD</u>, 2023 WL 3304250, at *3. "Ultimately,
18 if trade secrets are not specifically identified, a court will not be able to determine whether they
19 have been misappropriated." <u>Id.</u> (citing <u>MAI Sys. Corp. v. Peak Computer, Inc.</u>, 991 F.2d 511,
20 522 (9th Cir. 1993)).

21      **B. Motion to Compel**

Defendants' motion concerns Plaintiff's responses to Interrogatories 1–4. (See Mot. at 2–3.) The Court first addresses Plaintiff's response to Interrogatory No. 1 and then moves Plaintiff's responses to Interrogatory Nos. 2–4.

**1.  Interrogatory No. 1**

Interrogatory No. 1 asks Plaintiff to "identify with reasonable particularity the information or matter which [Plaintiff] claim[s] constitutes the trade secret" which Plaintiff has alleged Defendants misappropriated. (Lovejoy Decl., Ex. 1 at 6.) Defendants argue that Plaintiff's response to Interrogatory No. 1 is deficient because it fails to identify which trade secrets form the basis for the misappropriation claims alleged in the complaint. (Mot. at 9–11.) The Court agrees. Plaintiff's response to Interrogatory No. 1 is readily deficient. Plaintiff's substantive response notes that it "conceives, designs, develops, and owns various trade secrets," and then provides a handful of such trade secrets as "merely examples of information that Plintron USA utilizes for its operations." (Lovejoy Decl., Ex. 2 at 17.) But this is nonresponsive as to Defendants' request, which sought Plaintiff's identification of the specific trade secrets at issue. Plaintiff cannot simply list trade secrets in its possession, rather it must identify specific trade secrets in a manner sufficient to provide Defendants—and the Court—notice of which trade secrets form the basis of Plaintiffs' misappropriation claims. See RealD, 2023 WL 3304250, at *3. The Court therefore GRANTS Defendants' motion as to Interrogatory No. 1.

In Plaintiff's response, they state that "information necessary to respond to this Interrogatory fully and accurately beyond the response set forth above is in the possession of Mr. Pelly, Defendants, or other third-parties." (Lovejoy Decl., Ex. 2 at 18.) The Court finds that Having reviewed the record, the Court finds that that Plaintiff now has access to (1) the Plintron USA-issued computers of Defendants Pelly and Mathews' computers; (2) the images of those

computers; and (3) at least one of the Plintron USA-issued devices used by Defendant Phillips computers. (See Compl. ¶¶ 100–105 (detailing the status of Plintron-issued computers and other devices); Reply at 4.) The Court is satisfied that Plaintiff has obtained sufficient information from Defendants needed to identify which—if any—trade secrets were misappropriated. The onus is now on Plaintffs to promptly review the information they have collected from Defendants and provide a specific identification as requested by Interrogatory No. 1.

Should Plaintiff fail to specifically identify which, if any, trade secrets form the basis of its misappropriation allegations, the Court may be required to determine whether it has subject matter jurisdiction over this dispute. The Court currently maintains subject matter jurisdiction over this dispute by virtue of Plaintiff's federal DTSA claim. (Compl. ¶ 18 (citing 28 U.S.C. § 1331).) The Court warns Plaintiff that failing to identify which, if any, trade secrets have been allegedly misappropriated calls into question the propriety of its DTSA claim, and thus, the Court's jurisdiction to hear this dispute. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**C. Interrogatory Nos. 2–4.**

Because Plaintiff failed to identify specific trade secrets in response to Interrogatory No. 1, its responses to Interrogatory Nos. 2–4—all of which seek additional information regarding those specific trade secrets—are also necessarily deficient and require supplementation. The Court therefore GRANTS Defendants' Motion as to Interrogatory Nos. 2–4.

**D. Defendants' Discovery Obligations**

Defendants ask the Court to relieve them of their obligation to provide confidential information in discovery until Plaintiff has adequately responded to Interrogatory Nos. 1–4. (Mot. at 14.) Defendants allege that without such relief, Plaintiff may use confidential

information to "build a case that some of that information in others' hands is actually a Plintron trade secret." (Id.) The Court agrees and GRANTS the relief requested by Plaintiffs IN PART. Until Plaintiff identifies which specific trade secrets form the basis of its misappropriation claims, Defendants and third parties may withhold otherwise responsive confidential information related to Plaintiff's DTSA and UTSA claims. Outside of privilege concerns, Defendants and third parties may not withhold otherwise responsive confidential information related to Plaintiff's remaining claims. See Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

Defendants' Motion is GRANTED. Within 14 days of this Order, Plaintiff must supplement its responses to Interrogatory Nos. 1–4, addressing the deficiencies discussed above. Until Plaintiff has served Defendants with the supplementary responses, Defendants and third parties may withhold from discovery confidential information related to Plaintiff's trade secret misappropriation claims.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 21, 2025.

Marsha J. Pechman
United States Senior District Judge