UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH PHILLIPS, RICHARD PELLY, THOMAS MATHEW, GREG MCKERVEY, and DESIREE MICHELLE GRAY,<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-00093<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 107) |
| JOSEPH PHILLIPS,<br><br>　　　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>PLINTRON TECHNOLOGIES USA LLC,<br><br>　　　　　　Counterclaim Defendant. | |

1    The matter comes before the Court on Plaintiff Plintron Technologies USA LLC's
2  Motion to Compel Discovery Against Defendants Pelly, Mathew, McKervey, and Gray (the
3  "Other Defendants") (Dkt. No. 107). Having reviewed the Motion, the Other Defendants'
4  response (Dkt. No. 124), the reply (Dkt. No. 145), and all other supporting materials, the Court
5  DENIES the Motion.
6    Prior to bringing a motion to compel in federal court, the movant must have "in good
7  faith conferred or attempted to confer with the person or party failing to make disclosure or
8  discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In this district,
9  the movant must provide a certification of the conference or attempted conference, including
10 "the date, manner, and participants to the conference." Local Civil Rule 37(a)(1). "A good faith
11 effort to confer with a party or person not making a disclosure or discovery requires a face-to-
12 face meeting or a telephone conference." Id.
13   Plintron's motion includes a certification that it "attempted to confer in good faith with
14 Defendants to resolve this dispute." (Mot. at 1 (citing Declaration of Michael Songer (Dkt. No.
15 108).) The Court finds this certification to be unsupported by the record.
16   Plintron served the Other Defendants with discovery requests on August 28, 2024.
17 (Songer Decl. ¶ 4.) The Other Defendants provided their responses on October 11, 2024. (Id. ¶
18 5.) According to the Songer Declaration, the parties then "met and conferred on December 17,
19 and December 26, 2024 to discuss [Other] Defendants' discovery productions and responses."
20 (Id. ¶ 7.) On January 8, 2025, Plintron sent counsel for the Other Defendants a deficiency letter
21 regarding the October 11, 2024, responses. (Songer Decl., Ex. 5.) In that deficiency letter,
22 counsel for Plintron stated "[i]f Defendants wish to address any objections to the issues raised
23 herein, Plintron USA is available for a meet and confer on Friday, January 10. If Plintron USA
24

1  does not receive a substantive response by January 10, 2025, Plintron USA will proceed to file a
2  motion to compel." (Id.) According to the Other Defendants, this letter was only received via
3  email at 4:58 p.m. on January 8, 2025. (Declaration of Jack Lovejoy (Dkt. No. 125) ¶ 8.)

4        The Other Defendants argue that the instant motion should be denied for Plintron failing
5  to first meet and confer in good faith. The Court agrees. First, the Court disregards Plintron's
6  counsel's claims that the parties "met and conferred on December 17, and December 26, 2024."
7  (Songer Decl. ¶ 7.) There is nothing in the record to reflect the substance or manner of these
8  conferences, save for a brief mention in the January 8, 2025, deficiency letter noting that "[a]t
9  the parties' December 17, 2024 meet and confer, counsel indicated that additional documents
10 would be produced before the end of 2024." (Songer Decl., Ex. 5 at 2.) There is no
11 memorialization of the discovery conference or any other indication that Plintron sought to
12 resolve the dispute without court action. Accordingly, the Court does not find that the discovery
13 conference which presumedly took place on December 17 or December 26, 2024, satisfy the
14 requirements of Federal Rule of Civil Procedure 37(a)(1) or Local Civil Rule 37(a)(1).

15       Further, the Court does not find that the January 8, 2025, deficiency letter, was a "good
16 faith attempt" at a discovery conference. Plintron gave the Other Defendants effectively 36 hours
17 to either (1) produce documents; (2) schedule a meet and confer on Plintron's terms ("Plintron
18 USA is available for a meet and confer on Friday, January 10"); or (3) defend themselves against
19 a discovery motion. This timeline is unreasonable and runs contrary to the requirement that the
20 movant make a "good faith effort" to confer prior to filing their motion to compel. Plintron
21 argues that Court should consider the meet and confer requirement satisfied given the Other
22 Defendants' unresponsiveness. (Reply at 4.) The Court disagrees. While the Other Defendants
23 may have not directly responded to the deficiency letter within the 36 hours allotted, Plintron
24

admits that the Other Defendants made two sets of productions on January 9 and 10. (Songer Decl. ¶ 9.) Two responsive productions within as many days can hardly be considered unresponsive. Furthermore, Plintron's reliance on Teixeira v. BMW of N. Am., LLC, No. 2:22-CV-02338-AB-MAR, 2023 WL 4291798, at *4 (C.D. Cal. Apr. 24, 2023) for the proposition that "Courts have held that if one party makes a good faith effort to confer, and the other party is unresponsive, the requirement to attempt to meet and confer in good faith is considered satisfied," is misplaced. In Teixeira, plaintiff's months-long attempt to meet and confer with defendants, including "detailed meet and confer letters, [] reminder emails, and [] multiple lengthy phone calls, all of which were memorialized in comprehensive emails," was sufficient to satisfy the federal and local rules regarding discovery conference. Id. There is no such record here; only a token effort by Plintron to satisfy the requirements of LCR 37(a)(1). On that basis, the Court DENIES Plintron's motion to compel for failure to comply with the federal or local rules.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 28, 2025.

Marsha J. Pechman
United States Senior District Judge