UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH PHILLIPS, RICHARD PELLY, THOMAS MATHEW, GREG MCKERVEY, and DESIREE MICHELLE GRAY, <br><br> Defendants. | CASE NO. 2:24-cv-00093 <br><br> ORDER ON DISCOVERY MOTIONS (DKT. NOS. 99, 101) |
| JOSEPH PHILLIPS, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> PLINTRON TECHNOLOGIES USA LLC, et al., <br><br> Counterclaim Defendants. | |

# INTRODUCTION

The matter comes before the Court on Defendant/Counterclaim Plaintiff Joseph Phillips' Motions to Compel Plaintiff/Counterclaim Defendant Plintron Technologies USA LLC (Dkt. Nos. 99, 101). Having reviewed the Motions, the responses (Dkt. No. 134, 136), the replies (Dkt. No. 139, 141), and all other supporting materials, the Court GRANTS IN PART and DENIES IN PART both Motions.

# ANALYSIS

**A.    Motion to Compel Supplemental Production (Dkt. No. 99)**

Phillips' first Motion seeks an order compelling Plintron's production of documents and communications responsive to Phillips' First Set of Requests for Production. (Dkt. No. 99.) For the reasons below, the Court GRANTS IN PART and DENIES IN PART the Motion.

1.    **Plintron USA Records Possessed by Plintron Global**

Phillips argues that Plintron has objected to nearly all the requests on the basis that the requested documents are "not within Plintron USA's possession, custody, or control." (Mot. at 6–7; Declaration of Matthew Diggs (Dkt. No. 103) ¶ 6, Ex. C.) Phillips alleges that these documents are necessarily in the control of Plintron USA's parent companies including Plintron Holdings PTE LTD and Plintron Mobility Solutions Pvt. Ltd. (together, along with other affiliates, "Plintron Global") and therefore should still be produced. (See Mot. at 7 ("as evidenced by the KNAV production, Plintron Global employees maintained highly relevant documents.").) While this request is applicable to most of the RFPs, Phillips highlights the need for production of Plintron USA records held by Plintron Global that specifically concern Plintron Holdings. (See Mot. at 9.)

The Court finds that recent activity in this case renders this request moot. On March 25, 2025, Phillips amended his counterclaim to name both Plintron Holdings PTE LTD and Plintron Mobility Solutions Pvt. Ltd. as Counterclaim Defendants. (See generally FAC (Dkt. No. 158).) With those two entities added as counterclaim defendants, the Court finds that the proper avenue for Phillips to seek discovery of documents in the possession of Plintron Global is through serving Plintron Holdings and/or Plintron Mobility with separate discovery requests under Federal Rule of Civil Procedure 34. Therefore, to the extent the Motion seeks to compel the actions of Plintron Global through an order directed at Plintron USA, the Motion is DENIED.

2.  **Accounting and Financial Documents (Request Nos. 21, 25, 30, 34)**

These requests seek information regarding Plintron's accounting and financial documents, which Phillips claims are necessary to determine how Plintron deprived Phillips of his performance-related bonuses. Phillips argues that Plintron's productions contain only summary documents, and that Plintron must provide the underlying data that make up the summaries. (Mot. at 10.) The Court agrees. While Plintron argues that it has produced a host of responsive reports, journals, ledgers, and summaries, (see Opp. at 9,) the Court shares Phillips' concern regarding the potential manipulation of the summaries, (see Mot. at 11.) Plintron must produce the underlying accounting documents and data used to create the financial and accounting summaries previously produced to Phillips, including any relevant audited financial statements. Phillips' Motion is GRANTED as to these requests. However, as discussed above, this Order only encompasses those documents possessed by Plintron USA on the basis that Phillips may seek the same information from Plintron Global via separate discovery.

3. **Plintron Mobility and Lycamobile (Request Nos. 26, 27, 28, 29, 37, 38, 39 and 40)**

These requests seek communications and contract documents between Plintron and certain vendors whom Phillips alleges were recipients of money he was otherwise owed under his employment contract. Phillips argues that Plintron produced neither complete contracts nor invoices or communications concerning associated fees. (Mot. at 12.) Instead, Plintron produced "ledgers for Plintron's transactions with Plintron Mobility and Lycamobile, which show the recordation and maintenance of all the transactions that Mr. Phillips claims occurred without regard to corporate formalities." (Opp. at 10.) The Court notes that one of Phillips' central allegations is that Plintron deprived him of profit-sharing revenue by entering self-dealing contracts for the purposes of "siphoning off profits via bogus fees." (Reply at 3.) Ledgers alone are insufficient to allow Phillips to investigate whether the contracts and services offered by Plintron to other vendors included additional and unnecessary fees. Therefore, the Court GRANTS Phillips Motion as to these requests.

4. **Compensation calculations (Request Nos. 40, 44, 45, and 47)**

These requests seek production related to the calculation of Phillips' compensation as CEO of Plintron, which is relevant to his claim that Plintron conspired to siphon his performance bonuses to other Plintron-owned companies. Phillips argues that Plintron has produced information related to Phillips' compensation based on Plintron USA's Gross Net Revenue ("GNR") but has not produced the same regarding Phillips' profit-based compensation. (Reply at 5.) The Court finds that this information is relevant and necessary to Phillips' counterclaims which include allegations that (1) Plintron failed to adhere to certain modifications of profit-sharing provisions of Phillips' employment agreement; and (2) that "Plintron withheld Phillips'

full profit share by recording false profits." (Reply at 5; FAC ¶¶ 29-30.) Therefore, the Motion is GRANTED as to these requests.

5. **Documents dated after November 8, 2023**

Phillips finally argues that Plintron should be compelled to supplement any responsive documents or communications that have come into Plintron's possession "since November 8, 2023," noting that Plintron produced no documents or communications dated on or after January 1, 2024. Plintron agreed to produce documents from this period should they "show [Plintron's] lost customers, lost profits, and the basis for Plintron's losses." (Opp. at 11.) The Court finds that Plintron's limitation is insufficient to show whether it lost customers <u>because</u> of Phillips and the Defendants' alleged actions—which speaks to causation—or what efforts Plintron has made to mitigate its damages. Therefore, the Court GRANTS the Motion as to this request and ORDERS that Plintron produce any responsive documents or communications it may have received or otherwise obtained between November 8, 2023, and the date of this Order.

**B.  Other Defendants' Joinder (Dkt. No. 105)**

The Court briefly addresses the Joinder filed by Defendants Pelly, Mathew, McKervey, and Gray (the "Other Defendants"), ostensibly in support of Phillips' Motion to Compel Document Production. (<u>See</u> Dkt. No. 105.) Much like Defendant Phillips, the Other Defendants seek an order compelling Plintron's supplemental responses and productions, however their requests pertain to an entirely different set of separate discovery requests issued by Defendant Richard Pelly. Prior to bringing a motion to compel in federal court, the movant must have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In this district, the movant must provide a certification of the conference or attempted conference, including

ORDER ON DISCOVERY MOTIONS (DKT. NOS. 99, 101) - 5

"the date, manner, and participants to the conference." Local Civil Rule 37(a)(1). Upon review, it does not appear that the Other Defendants met and conferred with Plintron regarding any discovery deficiencies present in the responses to the Pelly requests. The Court therefore denies consideration of the Joinder for failure to comply with the federal and local rules.

C.     **Motion to Compel Supplemental Responses (Dkt. No. 101)**

Phillips' second motion seeks an order compelling Plintron to further supplement its interrogatory responses. Plintron served supplemental interrogatory responses on February 5, 2025, but the Court recognizes that Phillips's reply brief manages to address the supplementation despite being filed the same day. (See Dkt. No. 139.)

1.     **Interrogatory Nos. 1-4**

The Court finds that Plintron's responses and supplemental responses to these interrogatories are deficient. As to Interrogatory No. 1, the Court notes that Plintron's initial answer is deficient on its face: Plintron has since identified directors who were omitted from the response. (Compare Dkt. No. 38 (the declaration of Mohan Kuman Sundaram stating that he is "the co-founder and Chairman of Plintron Technologies USA LLC") with Dkt. No. 140-1 at 4 (failing to identify Sundaram as a current or former director of Plintron).) Additionally, the Court disapproves of Plintron's response insofar as it notes that additional "information responsive to the Interrogatory can be found within the documents produced in this litigation," but does not direct Phillips to any document, production, or range of Bates Numbers. (See Dkt. No. 140-1 at 4.) Such direction is necessary for a party to respond to an interrogatory via reference.

As to Interrogatory No. 2, Plintron only responds as to the company's ownership "as of the present date," which is non-responsive to the request that seeks ownership information "from January 1, 2014, to the present." (Dkt. No. 140-1 at 4–5.)

As to Interrogatory No. 3, the Court agrees that the record in this case shows that more than the six individuals included in the response had or have responsibility regarding Plintron's financial matters. (See Reply at 5 (citing Dkt. No. 104.) Additionally, the supplemental response's listing of the "offshore finance team" does not include the role, responsibilities, and tenure for each identified individual, information explicitly sought by the interrogatory. (Dkt. No. 140-1 at 6.)

However, as to Interrogatory No. 4, which asks Plintron to "[d]escribe in detail any and all relationships between Plintron Holdings or other companies in the Plintron Group or owners or principals of any such companies with Lycamobile USA," the Court finds that Plintron's supplemental answer is sufficient to respond to the interrogatory as it pertains to Plintron USA. As stated above, Phillips may seek information regarding Plintron Holdings' relationship with Lycamobile USA through discovery served on Plintron Holdings.

Accordingly, the Court GRANTS IN PART Phillips' Motion as to these Interrogatories. Plintron USA must provide fulsome supplementary answers to Interrogatory Nos. 1-3 but may limit its responses to the extent they seek information from Plintron USA (i.e., Plintron USA need not answer for Plintron Global.) The Court does not find Plintron's response to Interrogatory No. 4 to be deficient, and so DENIES IN PART the Motion as to that Interrogatory.

    2.    **Interrogatory Nos. 5-7**

Plintron argues that Interrogatory Nos. 5-7 are contention interrogatories seeking a premature calculation and enumeration of Plintron's alleged damages. Plintron claims that "it is not possible at this juncture to describe all damages, harms, and customers who were misappropriated." (Opp. at 8.) The Court agrees. The case is still evolving, new parties and

theories of liability have been introduced, and discovery is still ongoing. While Plintron will eventually need to provide specific answers regarding its alleged damages, it need not do so at this stage. The Motion is DENIED as to these interrogatories.

      3.    **Interrogatory No. 8.**

Interrogatory No. 8 asks Plintron to "[d]escribe with particularity each and every material breach of the Agreement that you contend Mr. Phillips committed, including any notices and opportunities to cure you provided to Mr. Phillips." (Dkt. No. 140-1 at 13.) The Court finds that Plintron's responses to Interrogatory No. 8 are deficient insofar as they lack specificity and include statements that largely mirror the complaint. For example, the response includes the following:

> Mr. Phillips breached Sections 6(B) and 7 of the Employment Agreement by soliciting Plintron USA's customers and potential customers to do business with Mr. Phillips' Competing Companies, including but not limited to MVNO Connect, both during his employment and after his termination on November 8, 2023.

(Id. at 15.) While these types of general responses may have been sufficient at the pleading stage, Plintron must now articulate the specifics of its breach of contract claims against Phillips. This would include information missing from the example above, such as which customers Phillips solicited and when those solicitations occurred. Accordingly, the Court GRANTS the Motion as to Interrogatory No. 8.

## CONCLUSION

Phillips' motion to compel supplemental production is GRANTED IN PART and DENIED IN PART. To the extent that Phillips' requests seek to compel the actions of Plintron Global through an order directed at Plintron USA, the motion is DENIED IN PART on the basis that those requests should be directed to Plintron Global. The remainder of the Motion is GRANTED IN PART. Within 14 days of this Order, Plintron must (1) supplement its

productions to Phillips' Requests for Production Numbers 21, 25–30, 34, 37, 38, 39, 40, 44, 45, and 47; and (2) produce documents responsive to any of Phillips' First Set of Requests for Production which may have been obtained between November 8, 2023, and the date of this Order. Any documents which Plintron withholds on the basis of privilege must recorded and their existence disclosed to Phillips via a comprehensive and accurate privilege log.

Additionally, Phillips' Motion to Compel Supplemental Responses is GRANTED IN PART and DENIED IN PART. The Motion is DENIED IN PART as to Interrogatory Nos. 4–7. Plintron's response to Interrogatory No. 4 is sufficient, and the Court considers Interrogatory Nos. 5–7 to be premature. However, the Motion is GRANTED IN PART as to Interrogatory Nos. 1, 2, 3, and 8. Within 14 days of this Order, Plintron USA must provide fulsome supplementary answers to those interrogatories as set forth above.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 31, 2025

Marsha J. Pechman
United States Senior District Judge