1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                      AT SEATTLE

10   PLINTRON TECHNOLOGIES USA              CASE NO. 2:24-cv-00093
     LLC,
11                                          ORDER ON DISCOVERY
                     Plaintiff,             MOTIONS (DKT. NOS. 94, 109)
12
             v.
13
     JOSEPH PHILLIPS, RICHARD
14   PELLY,  THOMAS MATHEW, GREG
     MCKERVEY, and DESIREE
15   MICHELLE GRAY,

16                   Defendants.

17   JOSEPH PHILLIPS,

18                   Counterclaim Plaintiff,

19           v.

20   PLINTRON TECHNOLOGIES USA
     LLC, et al.
21
                     Counterclaim Defendants.
22

23

24

# INTRODUCTION

The matter comes before the Court on Plaintiff/Counterclaim Defendant Plintron Technologies USA LLC's Motion to Compel Compliance with Subpoenas, (Dkt. No. 94), and Motion to Compel Discovery Against Defendant Joseph Phillips, (Dkt. No. 109). Having reviewed the Motions, the oppositions (Dkt. Nos. 126, 130), the replies (Dkt. Nos. 143, 144), and all other supporting materials, the Court GRANTS IN PART and DENIES IN PART both Motions.

# ANALYSIS

## A.    Motion to Compel KonnectOne and MVNO Connect

The first Motion involves subpoenas served by Plintron on two non-parties KonnectOne LLC and MVNO Connect LLC's (together, the "Entities"). Plintron served the Entities with the subpoenas at issue on November 20, 2024; the Entities provided responses and objections on December 18, 2024. (Declaration of Michael Songer (Dkt. No. 95) ¶¶ 6, 8.) Plintron now moves to compel the Entities' further compliance with those subpoenas. (Dkt. No. 94.)

### 1.    Relevant Timeframe

Plintron and the Entities first dispute the relevant timeframe that should be applied to the requests and topics. Plintron argues that timeframe should run starting from "six months before Mr. Phillips created MVNO Connect and KonnectOne (February 18, 2017 to present date and December 20, 2015 to present date, respectively)." (Mot. at 7.) The Entities disagree on the basis that the timeframe should be substantially limited as follows: (1) responses or topics from KonnectOne should be limited to an August 30, 2017, business agreement; and (2) any responses or topics from MVNO Connect only include those from "January 1, 2023 onwards" (i.e., the alleged period during which Plintron and MVNO Connect competed for business). (Opp. at 8.)

1    This dispute "impacts the time frame for all requests and topics identified in Plintron USA's

2    subpoenas." (Mot. at 7 n.3.)

3         On balance, the Court agrees with Plintron. "[T]he scope of discovery through a [Rule

4    45] subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R.

5    Civ. P. 45(d)(1) (advisory committee's note to 1970 amendment). However, the Court does not

6    find it appropriate to require the Entities to respond to topics or requests to the extent that they

7    seek information from before the Entities existed (i.e., were formally established as

8    corporations.) Accordingly, the Motion is GRANTED IN PART as to the relevant timeframe.

9    The relevant timeframe applied to the topics and requests runs from when the Entities were

10   formally established as corporations through the present.

11        2.    **Undue Burden**

12        The Entities next argue that Plintron failed to take "reasonable steps to avoid imposing

13   undue burden" when issuing the subpoenas as required by Federal Rule of Civil Procedure 45.

14   (Opp. at 3 (quoting Fed. R. Civ. P. 45(d)(1).) The Court agrees. Under Rule 26, "[p]arties may

15   obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

16   defense . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to

17   lead to the discovery of admissible evidence." Surfvivor Media, Inc. v. Survivors Prods., 406

18   F.3d 625, 635 (9th Cir. 2005) (internal citation omitted). "The test for relevance, in the context of

19   a Rule 45 subpoena to a non-party, is no different than the test under Rules 26 and 34." Wells

20   Fargo Bank NA v. Wyo Tech Inv. Grp. LLC, 385 F. Supp. 3d 863, 873 (D. Ariz. 2019)

21   (collecting authorities); see also Specht v. Nw. Helicopters LLC, No. 3:21-CV-05730-JHC, 2022

22   WL 16961376, at *1 (W.D. Wash. Nov. 16, 2022). However, Rule 45 requires that the party

23

24

1    responsible for issuing and serving a subpoena "take reasonable steps to avoid imposing undue

2    burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

3         Both Rule 26 and Rule 45 allow a court to limit discovery to protect a party from undue

4    burden. See Fed. R. Civ. P. 26(c)(1) (the court may limit discovery to protect a party from

5    annoyance, embarrassment, oppression, or undue burden); Fed. R. Civ. P. 45(d)(3)(A) (the court

6    may modify or quash a subpoena to a third-party that presents an undue burden.) In assessing

7    undue burden, courts in this district balance the relevance of the information and the need of the

8    requesting party against whether production of that information would be burdensome. See

9    Rollins v. Traylor Bros., No. C-14-1414, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017);

10   United States Fire Ins. Co. v. Icicle Seafoods, Inc., No. C20-401 RSM, 2021 WL 3602523, at *4

11   (W.D. Wash. Aug. 13, 2021) (citing Amini Innovation Corp. v. McFerran Home Furnishings,

12   Inc., 300 F.R.D. 406, 409–10 (C.D. Cal. 2014)). "Courts are particularly reluctant to require a

13   non-party to provide discovery that can be produced by a party." Icicle Seafoods, 2021 WL

14   3602523, at *4 (citation omitted).

15        Plintron argues should not be required to take the "reasonable steps" required by Rule 45

16   because the Entities are "both operated and controlled by" the Defendants. (Mot. at 6.) Not so.

17   Despite Plintron's claims that the Entities "are not neutral third parties in this matter," neither

18   MVNO Connect nor KonnectOne have been named as defendants in the lawsuit. Plintron alleges

19   that "[b]oth companies are intimately tied to the five individual defendants in this case," but does

20   not demonstrate why such an intimate connection overrides the requirements enumerated in Rule

21   45. (Mot. at 2.) The two cases cited by Plintron in support of this argument, Liion v. Vertiv

22   Group Corp., No. 1:19-cv-666-RP, 2019 U.S. Dist. LEXIS 241658, and Vetstem Biopharma, Inc.

23   v. California STEM Cell Treatment Ctr., Inc., No. 2:19-cv-04728-AB-FFM, 2023 U.S. Dist.

24

1   LEXIS 55911 (C.D. Cal. Jan. 25, 2023), are distinguishable on the basis that those cases

2   involved subpoenas issued to corporate <u>affiliates</u> of the named party companies. Here, the named

3   Defendants are all individuals who, despite alleged connection to the Entities, are not the

4   Entities' corporate parents. Accordingly, the Court finds that the guidelines presented by Rule 45

5   apply to the subpoenas. Plintron must take reasonable steps to ensure that the subpoenas avoid

6   undue burden and expense on the Entities.

7           3.    **Topics and requests**

8           Having found that Rule 45 applies here, the Court also finds that the requests and topics

9   at issue would likely impose undue burden and expense upon the non-party Entities. On that

10  basis, the Court is inclined to deny Plintron's motion. However, the Court recognizes that the

11  Entities offered amendments to their objections and extended proposed compromises in an effort

12  to comply with the subpoenas without the Court's intervention. (Mot. at 3–4; Declaration of

13  Matthew Diggs (Dkt. No. 127), Ex. G.) Plintron did not substantively acknowledge those

14  proposed compromises prior to filing its motion. (<u>Id.</u>) The Court finds that the compromises

15  strike a balance between allowing Plintron access to information which it needs to make its case

16  against the Defendants, while affording the Entities the protections warranted by Rule 45.

17  Therefore, the Court GRANTS IN PART and DENIES IN PART Plintron's motion as to the

18  below categories of discovery.

19          a.    **Topics and Requests Regarding Plintron USA's Customers (MVNO
                  Connect and KonnectOne Topics 6-9, 11; KonnectOne and MVNO
20                Connect RFPs 3, 5, 6-12; KonnectOne RFPs 15, 17, 20; MVNO
                  Connect RFPs 16, 18, 21)**

21          The Motion is GRANTED IN PART as to these topics and requests. The Entities must

22  conduct a reasonable search for and produce all responsive and non-privileged contracts and

23  communications between MVNO Connect and TruConnect, Assist, Patriot, RedPocket, and

24

1   Megatel (i.e., the five customers whom Plintron identified as having been misappropriated by

2   Defendants.) (Diggs Decl., Ex. G at 295.) As per the discussion above, the relevant timeframe

3   for these contracts and communications is between when MVNO Connect was formally

4   established through the present.

5               b.      **Topics and Requests Regarding T-Mobile and Entities Within the Telecommunications Industry (MVNO Connect and KonnectOne Topics: 6-9; MVNO Connect RFPs 3-13, 16-23; KonnectOne RFPs 15-21)**

6

7        The Motion is GRANTED IN PART as to these topics and requests. The Entities must

8   conduct a reasonable search for and produce all non-privileged responsive documents and

9   communications discussing Plintron USA with Dan Thygesen, Michael Porter, Jim Alfonsin and

10  John Galloway (i.e., the named T-Mobile employees.) (Diggs Decl., Ex. F. at 284.) As per the

11  discussion above, the relevant timeframe for these contracts and communications is between

12  when the Entities were formally established through the present.

13              c.      **Topics and Requests Regarding Cory Van Arsdale (MVNO Connect and KonnectOne Topic 6, 7, 9, 11, 15; MVNO Connect and KonnectOne RFPs: 5-11)**

14

15       The Motion is GRANTED IN PART as to these topics and requests. The Entities must

16  conduct a reasonable search for and produce all responsive and non-privileged documents and

17  communications relevant to their relationship and dealings with Mr. Van Arsdale. To the extent

18  that those documents and communications are withheld as attorney work-product or privileged

19  legal advice, the Entities must produce a comprehensive and accurate privilege log which

20  identifies the document and indicates the basis for privilege.

21              d.      **Topics and Requests Regarding Employees (Topics 2, 4, 15, 16; MVNO Connect RFPs 14, 27; KonnectOne RFPs 13, 25, 26)**

22       The Motion is GRANTED IN PART as to these topics and requests. The Entities must

23  conduct a reasonable search for and produce all responsive and non-privileged documents

24

1  sufficient to identify which, if any, employees of Plintron USA were simultaneously employed

2  by the Entities during the relevant period (i.e., any time after the Entities were formally

3  established.)

4        e.    **Topics and Requests Regarding Giesecke+Devrient Mobile Security Americas (MVNO Connect and KonnectOne Topics 6-7, 9-11; MVNO Connect and KonnectOne RFPs 5-11, 13)**

5

6      The Motion is GRANTED IN PART as to these topics and requests. The Entities must

7  conduct a reasonable search for and produce all responsive and non-privileged documents and

8  communications with the Named Defendants regarding MVNA services provided to

9  TruConnect, Assist, Patriot, RedPocket, and Megatel (i.e., the five customers whom Plintron

10  identified as having been misappropriated by Defendants.) As per the discussion above, the

11  relevant timeframe for these contracts and communications is between when the Entities were

12  formally established through the present.

13        f.    **Topics and Requests Regarding Financial Information (MVNO Connect and KonnectOne Topics 12-14; MVNO Connect RFPs 24-26; KonnectOne RFPs 1, 22-24)**

14

15      The Motion is GRANTED IN PART as to these topics and requests. The Entities must

16  conduct a reasonable search for and produce all responsive and non-privileged documents related

17  to the payroll taxes paid to their employees over the relevant period (i.e., any time after the

18  Entities were formally established.)

19        g.    **Topics and Requests Regarding the Intermingling of Plintron USA's Resources with Phillips Holdings Companies and Misuse of Plintron USA's Proprietary Information (MVNO Connect and KonnectOne Topics 17-19; MVNO Connect and KonnectOne RFP 4; MVNO Connect RFP 29; KonnectOne RFP 27)**

20

21      The Motion is GRANTED IN PART as to these topics and requests. The Entities must

22  conduct a reasonable search for and produce all responsive and non-privileged documents and

23  communications related to any accounts, including, but not limited to, Amazon Web Services

24

1  accounts, email services accounts, and Paychex accounts, which they share or shared with

2  Plintron USA. As per the discussion above, the relevant timeframe for these contracts and

3  communications is between when the Entities were formally established through the present.

4                              *       *       *

5  **B.    Motion to Compel Phillips**

6       Plintron's second Motion involves a pair of discovery requests served on

7  Defendant/Counterclaim Plaintiff Joseph Phillips. Plintron served Phillips with the first set of

8  requests on August 28, 2024, and the second set on December 13, 2024. (Declaration of Michael

9  Songer (Dkt. No. 110) ¶¶ 4, 8.) Phillips provided responses and objections to the first requests on

10  October 11, 2024, and then provided limited responses and documents to the second requests

11  throughout December 2024 and January 2025. (Id. ¶¶ 5, 12–16.) Plintron seeks an order

12  compelling Phillips' supplemental responses and document productions. (Dkt. No. 109.)

13       1.    **Relationship with Phillips Holdings (Interrogatory Nos. 1-3, 5, 7; Request**

14          **Nos. 1-5, 7-12)**

15       Plintron first seeks an order compelling Phillips to "provide discovery related his various

16  other companies in what is termed 'Phillips Holdings,' including Moxee, Arrow Sales Group,

17  KonnectOne, Stratabites, Panda Mobile, and MVNO Connect." (Mot. at 6.) Plintron argues that

18  these requests are relevant "to understanding the extent to which Mr. Phillips improperly used

19  Plintron USA employees for Defendant entities' work, used Plintron USA funds to compensate

20  Defendant entities' employees, and benefited from Plintron USA employees work for Defendant

21  entities." (Mot. at 7.) There are two main points of contention related to these requests, which the

22  Court addresses in turn below.

23

24

1

a.      **"Phillips Holdings"**

2

The Parties' first disagreement the breadth of Plintron's request for information regarding

3

companies related to or controlled by Phillips. Specifically, Plintron's requests seek information

4

regarding Phillips' relationship with "Defendant Entities," which are broadly defined as:

5

> any entity in the wireless telecommunications industry formed by any Defendant,
> in whole or in part, directly or indirectly, including Stratabites LLC, MVNO

6

> Connect LLC, Arrow Sales Group LLC, KonnectOne LLC, Moxee Technologies
> LLC, and Panda Mobile LLC, and any of its current parents, subsidiaries,

7

> predecessors, successors, affiliated entities, controlled entities, joint ventures,
> related entities, agents, attorneys, employees, interns, representatives, assigns,

8

> directors, or officers and all other Persons acting or purporting to act on its behalf.

9

(Declaration of Matthew Diggs (Dkt. No. 131), Ex. A at 8.) Phillips objected to that

10

definition as overbroad, and instead identified "only entities in the telecommunications industry

11

in which he has held at least a 5% stake or has served as founder, board member, director, or

12

officer dating back to January 22, 2018," which includes "MVNO Connect LLC, Arrow Sales

13

Group LLC, KonnectONE, Inc. (previously KonnectONE LLC), Moxee Technologies LLC, and

14

Panda Mobile LLC." (Id., Ex. D. at 62.) Phillips later added Stratabites LLC to this list. (Id., Ex.

15

F. at 81.) The Court notes that this list of companies aligns with Plintron's definition of "Phillips

16

Holdings." With little daylight between the Parties, the Court concludes that Phillips may limit

17

his responses to the requests seeking information regarding either the "Defendant Entities" or

18

"Phillips Holdings" to MVNO Connect LLC, Arrow Sales Group LLC, KonnectONE, Inc.

19

(previously KonnectONE LLC), Moxee Technologies LLC, Panda Mobile LLC, and Stratabites

20

LLC.

21

b.      **Legal Control**

22

Plintron next argues that Phillips is only willing to "produce documents he possesses in

23

his personal capacity" and "directed Plintron to seek discovery from his companies through Rule

24

45 Subpoenas. (Songer Decl. ¶ 10.) Phillips claims that he has already produced all of the

1    documents in his possession, custody, or control. (Opp. at 6 (citing Fed. R. Civ. P. 34.). Plintron

2    further argues that "by virtue of his ownership and control over the companies," Phillips should

3    be compelled to produce those documents which are currently in the possession of the Phillips

4    Holdings companies. (Mot. at 6.) Phillips responds that Plintron's conclusory argument fails to

5    show that he has "legal control" over documents. (Opp. at 6–7 (citing In re Citric Acid Litig.,

6    191 F.3d 1090, 1107 (9th Cir. 1999).) The Court agrees with Phillips. As the party seeking

7    production, it is Plintron's burden to show that Phillips asserts legal control over the documents.

8    See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452

9    (9th Cir. 1989).  Plintron points to no evidence in the record to show that Phillips possesses such

10   control, i.e., "the legal right to obtain [responsive] documents [from those companies] upon

11   demand." In re Citric Acid Litig., 191 F.3d at 1107. Therefore, the Motion is GRANTED IN

12   PART as to the documents which Phillips has in his possession and DENIED IN PART as to the

13   documents in the possession of those companies associated with Phillips. Before Phillips is

14   required to produce documents in the possession of those companies related to him, Plintron

15   must first demonstrate that Phillips he exercises "actual control" over the documents at issue.

16           2.      **MVNO Connect Documents (Interrogatory Nos. 1-3, 5, 7; Request Nos. 1-5,**

17                   **15)**

18           Plintron seeks information from Phillips regarding MVNO Connect as "relevant to the

19   claims Phillips developed competing and complementary products and services for MVNO

20   Connect in direct violation of his contractual and fiduciary duties to Plintron USA." (Mot. at 8.)

21   The Court GRANTS the Motion IN PART as to these requests. To the extent he has not already

22   done so, Phillips must conduct a reasonable search for and produce responsive and non-

23   privileged documents relating to MVNO Connect which are either (1) in Phillips' possession; (2)

24

1    shown to be within his legal control. As discussed in Section A of this Order, Plintron may seek

2    MVNO Connect's corporate documents directly from MVNO Connect, so long as Plintron takes

3    reasonable steps to avoid undue burden or expense.

4          3.    **Communications, Contracts, and Agreements with Plintron USA Customers**

5               **(Request Nos. 6-11)**

6          Plintron next seeks information concerning "communications, agreements, and contracts

7    between Mr. Phillips, and/or Defendant entities and Plintron USA customers," noting that they

8    are relevant to "Plintron USA's ability to fully assess Mr. Phillips solicitation of Plintron USA

9    customers for KonnectOne, MVNO Connect, or other Phillips Holdings companies' business

10   dealings." (Mot. at 8.) Phillips claims that he has produced documents sufficient to respond to

11   those requests. (Opp. at 9–10.) The Court GRANTS the motion as to these requests IN PART.

12   To the extent he has not already done so, Phillips must conduct a reasonable search for and

13   produce those responsive and non-privileged communications, contracts, and agreements

14   between Plintron USA Customers and MVNO Connect LLC, Arrow Sales Group LLC,

15   KonnectONE, Inc. (previously KonnectONE LLC), Moxee Technologies LLC, Panda Mobile

16   LLC, Stratabites LLC, or Phillips himself which are either (1) in Phillips' possession; (2) shown

17   to be within his legal control. See discussion supra Section B.1.b. Plintron may seek the same

18   corporate information from the corporate entities themselves via Rule 45 subpoenas, so long as

19   Plintron takes reasonable steps to avoid undue burden or expense.

20         4.    **Requests Regarding Tax and Financial Information (Interrogatory Nos 4-5;**

21              **Request Nos. 13-19)**

22         Plintron seeks an order compelling Phillips to produce a wealth of tax and financial

23   information, including Phillips' personal tax returns (See Diggs Decl., Ex. C at 47 (Request No.

24

1  13),) and corporate tax returns from the companies identified as being associated with Phillips,

2  (Diggs Decl., Ex. C at 48–52 (Request Nos. 14–19).) The Court GRANTS IN PART and

3  DENIES IN PART the Motion as to these requests.

4      First, the Court GRANTS IN PART and DENIES IN PART the motion as it pertains to

5  Phillips' personal tax returns. Plintron claims that Phillips' personal tax returns are relevant and

6  necessary to "measure the harms caused to Plintron USA." (Mot. at 9.) The Court finds this

7  request to be overbroad insofar as it would include a host of Phillips' personal financial

8  information that is unrelated to Plintron's alleged harms. Instead, Phillips must conduct a

9  reasonable search for documents sufficient to identify anything of value which he has received

10  from MVNO Connect LLC, Arrow Sales Group LLC, KonnectONE, Inc. (previously

11  KonnectONE LLC), Moxee Technologies LLC, Panda Mobile LLC, and Stratabites LLC.

12      Second, the Court GRANTS IN PART and DENIES IN PART the motion as it pertains

13  to the corporate tax returns from the specified companies. The Court notes that Phillips has

14  already "produced the limited number of corporate tax return documents in his personal

15  possession," (Opp. at 10), but to the extent any such documents remain in his possession, Phillips

16  must produce them. Plintron may seek additional corporate tax returns through the third party

17  subpoena process, so long as those subpoenas are reasonably tailored to avoid undue burden or

18  expenses on the non-party entities.

19  **C.    Rule 37(a)**

20      As per the Court's February 12, 2025, Order, (Dkt. No. 146), any further discovery

21  motions brought by the Parties in this case must follow the expedited joint motion procedures set

22  forth in Local Civil Rule 37(a).

23

24

**CONCLUSION**

Plintron's Motion to Compel Compliance of Subpoenas is GRANTED IN PART and DENIED IN PART. The Court finds that the relevant timeframe related to the topics and requests included in the subpoenas runs from when the Entities were formally established as corporations through the present. However, the Court also finds that Plintron failed to take "reasonable steps to avoid imposing undue burden" when issuing the subpoenas. Although the Entities have close ties to the named Defendants, they are still considered non-parties to this litigation and are therefore owed the protection of Rule 45. Accordingly, within 14 days of this Order, the Entities must conduct a reasonable search for and produce the following categories of information (as discussed above):

- all non-privileged responsive contracts and communications between MVNO Connect and TruConnect, Assist, Patriot, RedPocket, and Megatel (i.e., the five customers whom Plintron identified as having been misappropriated by Defendants.)

- all non-privileged responsive documents and communications discussing Plintron USA with Dan Thygesen, Michael Porter, Jim Alfonsin and John Galloway (i.e., the named T-Mobile employees.)

- all responsive and non-privileged documents and communications relevant to their relationship and dealings with Mr. Van Arsdale. To the extent that those documents and communications are withheld as attorney work-product or privileged legal advice, the Entities must produce a comprehensive and accurate privilege log which identifies the document and indicates the basis for privilege.

- all responsive and non-privileged documents sufficient to identify which, if any, employees of Plintron USA were simultaneously employed by the Entities during the relevant period (i.e., any time after the Entities were formally established.)

- all responsive and non-privileged documents and communications with the Named Defendants regarding MVNA services provided to TruConnect, Assist, Patriot, RedPocket, and Megatel (i.e., the five customers whom Plintron identified as having been misappropriated by Defendants.)

- all responsive and non-privileged documents and communications related to any accounts, including, but not limited to, Amazon Web Services accounts, email services accounts, and Paychex accounts, which they share or shared with Plintron USA.

Similarly, Plintron's Motion to Compel Phillips is DENIED IN PART and GRANTED IN PART. To the extent he has not already done so, Phillips must produce non-privileged documents responsive to Interrogatory Nos. 1–3, 5, 7; and Request Nos. 1–5, 7–12, 14–19. Phillips must produce responsive documents which are in his possession, including those which seek information regarding MVNO Connect LLC, Arrow Sales Group LLC, KonnectONE, Inc. (previously KonnectONE LLC), Moxee Technologies LLC, Panda Mobile LLC, and Stratabites LLC. However, if those documents are not in his possession, but rather in the possession of one of those related companies, Plintron must first demonstrate that Phillips exercises "actual control" over those documents before requiring their production.

Finally, any further discovery motions brought by the Parties in this case must follow the expedited joint motion procedures set forth in Local Civil Rule 37(a).

The clerk is ordered to provide copies of this order to all counsel.

Dated: April 9, 2025

Marsha J. Pechman
United States Senior District Judge