UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>JOSEPH PHILLIPS, RICHARD PELLY, THOMAS MATHEW, GREG MCKERVEY, and DESIREE MICHELLE GRAY,<br><br>      Defendants. | CASE NO. 2:24-cv-00093<br><br>ORDER ON LCR 37 JOINT SUBMISSION REGARDING DEPOSITION LIMIT |
| JOSEPH PHILLIPS,<br><br>      Counterclaim Plaintiff,<br><br>  v.<br><br>PLINTRON TECHNOLOGIES USA LLC, et al.<br><br>      Counterclaim Defendants. | |

## INTRODUCTION

This matter comes before the Court on the Parties' LCR 37 Joint Submission Regarding Deposition Limit (Dkt. No. 222). In the submission, Plaintiff/Counterclaim Defendant Plintron Technologies USA LLC, seeks leave to conduct six additional depositions beyond the ten permitted by the Federal Rules of Civil Procedure. Having reviewed the submission and all supporting documents, the Court GRANTS Plintron's request IN PART.

## BACKGROUND

In the underlying dispute, Plintron claims that five former employees, Defendants Joseph Phillips, Richard Pelly, Thomas Mathew, Greg McKervey, and Desiree Michelle Gray, breached their contractual and fiduciary duties, committed fraud, and misappropriated Plintron's trade secrets. In January 2025, the Court granted Defendants' motion for a six month continuance in the case, in part based on the "complexity of the case and growing volume of necessary discovery." (Order of Continuance (Dkt. No. 111) at 4.) At that time, the Court explicitly addressed the Parties' apparent agreement to conduct up to 20 depositions—twice the number allotted by Federal Rule of Civil Procedure 30(a)(2)(A)(i)—requiring that "[s]hould either party seek to conduct more than ten depositions, they must first seek leave of court, and must make a particularized showing of need for each deposition beyond the initial ten." (Id. at 4–5 (citing Fed. R. Civ. P. 6(b)(2)(A) and Thykkuttathil v. Keese, 294 F.R.D. 601, 602 (W.D. Wash. 2013).)

Plintron claims to have conducted only four depositions, including those of Defendants Gray and McKervey and those of the corporate witnesses for KonnectOne and Assist Wireless. (Declaration of Randall Thomsen (Dkt. No. 223) ¶ 2.) Five additional depositions have been noted, including those of Defendants Phillips, Mathew, and Pelly, and those of the corporate

ORDER ON LCR 37 JOINT SUBMISSION REGARDING DEPOSITION LIMIT - 2

witnesses for MVNO Connect LLC and T-Mobile. (Id.) Plintron also appears to have noted a deposition for Defendants' expert witness Drew Voth for July 21, 2025. (See Dkt. No. 229 at 2.)

Additionally, Plintron claims that it served three non-party companies RedPocket, TruConnect, and Patriot Mobile with deposition subpoenas in November 2024, and served the same on a fourth non-party company Megatel on March 24, 2025. (Id. ¶ 6.) Finally, Plintron asserts that it will need to depose Troy Dahlberg and Keith Malinson, two other expert witnesses produced by Defendant/Counterclaim Plaintiff Phillips, to examine additional reports issued by those experts on June 5, 2025. (Id. ¶ 5.)

Plintron now seeks leave to conduct six additional depositions beyond the ten permitted by the Federal Rules of Civil Procedure. (LCR 37 Joint Submission ("JS") (Dkt. No. 222) at 2.)

## ANALYSIS

**A.    Legal Standard**

Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits the number of depositions in a civil action to ten per side. That limit may be adjusted, however, upon a party making a particularized showing of need for each additional deposition. Thykkuttathil, 294 F.R.D. at 602. In considering a party's request for additional depositions, the Court reviews whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Id. (citing Smith v. Ardew Wood Products, Ltd., 07-5641-FDB, 2008 WL 4837216, *1 (W.D.Wash. 2008) and Burdette v. Steadfast Commons II, LLC, 11-980-RSM, 2012 WL 3762515, *2 (W.D.Wash. 2012)). "Furthermore, a party should ordinarily exhaust its allowed

number of depositions before making a request for additional." Galajian v. Beard, No. C15-0955-JLR, 2016 WL 5373116, at *2 (W.D. Wash. Sept. 26, 2016) (cleaned up).

**B.    Plintron's Request for Additional Depositions**

Plintron's request for additional depositions can be cleanly divided into two categories. It requests four additional depositions for third party corporate designees and also requests two additional depositions for Counterclaim Plaintiff Phillips' damages experts. The Court reviews each category in turn.

**1.    Third Party Corporate Depositions**

Plintron claims that the depositions of non-parties Megatel, RedPocket, TruConnect, and Patriot Mobile are necessary because the third parties "have firsthand knowledge of Defendants' solicitation," of those companies—all former Plintron customers—including whether and how the Defendants used Plintron's confidential and proprietary information in making those solicitations. (JS at 6–7.) The Court disagrees. On its face, this information could be obtained by asking the Defendants, who also have firsthand knowledge of the solicitations. But because Plintron has yet to examine Defendants Phillips, Mathew, or Pelly, Plintron can only speculate that the third parties can fill any "gaps" in the "factual context of the underlying events." (Thomsen Decl. ¶ 3.) The Court notes that had Plintron exhausted its allotted depositions before asking for more, the instant request may have been made with more particularity. See Smith, 2008 WL 4837216, at *1 ("[A] party should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others") (citing Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999)). Accordingly, the Court finds that Plintron fails to show that the "nature of Defendants' misconduct . . . cannot be discovered,"

through means other than the depositions of the four non-parties. (JS at 7.) This weighs against granting Plintron's request.

Also weighing against Plintron's request is the apparent lack of diligence in both scheduling depositions and requesting additional depositions. Plintron admits that it "has not yet exhausted the ten-deposition limit," but claims that its June 24, 2025, request for additional depositions is warranted given "the fast-approaching discovery deadline of July 7 and the need for some certainty about what number of depositions it can conduct." (JS at 8.) But the record before the Court shows that Plintron knew that it would need to seek leave for additional depositions months before filing the Joint Submission. Plintron was well aware of the Court's January 15, 2025, Order of Continuance which required the Parties to seek leave of Court in order to conduct any additional depositions. But Plintron did not so move at any time over the subsequent six months. And Plintron certainly should have known of its need for additional depositions by March 17, 2025, when it asked Defendants to agree to a stipulation allowing as much. (See Declaration of Devin Smith (Dkt. No. 224), Ex. A at 6.) And contrary to Plintron's accusations, Defendants did not "reject" Plintron's request for additional depositions: Defendants made it clear in March that they did not reject a possible stipulation but would need Plintron to first make a particularized showing of why the depositions were. (See id. ("I don't intend by this email to say that I will never agree to a request for more than ten depositions or that I will agree to more depositions later on. I just think a request for more depositions is going to need more information").) Nor could Defendants have "rejected" Plintron's request for additional depositions: that decision lays solely in the hands of the Court.
ORDER ON LCR 37 JOINT SUBMISSION REGARDING DEPOSITION LIMIT - 5

1     Plintron fails to make show a particularized showing of need to depose non-parties Megatel, RedPocket, TruConnect, and Patriot Mobile. Accordingly, the Court DENIES the request for additional depositions as to those witnesses.

    2. **Phillips' Damages Experts**

    Plintron next seeks two additional depositions so that they may examine Phillips' damages experts—Dahlberg and Malinson—regarding the content of their supplemental expert reports. (JS at 5–6.) Plintron alleges that these reports, which were supplemented on June 5, 2025, contain "expansive and novel opinions about Mr. Phillips' new counterclaims," and that Plintron should be able to probe these new opinions. (Id.) The Court agrees. "[D]efendants are justifiably interested in having the opportunity to probe the opinions offered before going before the jury." Murray v. S. Route Mar., S.A., No. C12-1854RSL, 2014 WL 2154259, at *3 (W.D. Wash. May 22, 2014). The Court finds it reasonable to allow Plintron additional depositions to examine the opinions made in these expert reports, especially if the reports contain such "novel" opinions as would result in a sideshow should they be examined for the first time at trial.

    Defendants argue that the additional depositions are unwarranted because Plintron "has known the contents of Mr. Phillips' expert witnesses' opinions since December 16, 2024, . . . and May 6, 2025, . . . yet it has not prioritized any of their depositions." (JS at 17.) But Plintron's request appears to be spurred by reports served on June 5, 2025, not those served months before. (See JS at 5 ("Just a week ago on June 5, Mr. Phillips served initial or supplemental reports of three experts"); see also Thomsen Decl. ¶ 5; Smith Decl., Ex. C.) Similarly, Defendants claim that additional depositions would be cumulative and duplicative as the information is obtainable from other sources. (JS at 16.) However, in contrast to Plintron's request for additional third party corporate depositions above, the Court is unconvinced that Plintron can more effectively or

efficiently test the basis and methodology of Phillips' experts than through deposition nor can Plintron uncover the same evidence through discovery elsewhere.

Accordingly, the Court finds that Plintron makes a particularized showing for why two additional depositions for the purposes of examining Dahlberg and Malinson are warranted. The request is therefore GRANTED as to those two depositions.

## CONCLUSION

Plintron's request is GRANTED IN PART and DENIED IN PART. Plintron fails to make a particularized showing as to why extra depositions are needed to uncover the substance of Defendants' alleged solicitations third party companies, particularly when over half of the Defendants have yet to be deposed themselves. However, Plintron does show that the recent expert reports warrant additional depositions beyond the limit set by Federal Rules of Civil Procedure 30.

Within seven days of this Order, the Parties are to meet and confer regarding Dahlberg and Malinson's availability and then schedule a time for their depositions.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 11, 2025.

Marsha J. Pechman
United States Senior District Judge