1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10 | PLINTRON TECHNOLOGIES USA | CASE NO. 2:24-cv-00093
LLC,
11 | | ORDER GRANTING MOTION TO
Plaintiff, | CONTINUE
12
v.
13
14 | JOSEPH PHILLIPS, RICHARD
PELLY, THOMAS MATHEW, GREG
15 | MCKERVEY, and DESIREE
MICHELLE GRAY,
16
Defendants.
17 | JOSEPH PHILLIPS,
18
Counterclaim Plaintiff,
19
v.
20 | PLINTRON TECHNOLOGIES USA
LLC, et al.
21
Counterclaim Defendants.
22
23
24

ORDER GRANTING MOTION TO CONTINUE - 1

1

**INTRODUCTION**

2    This matter comes before the Court on Plaintiff and Counterclaim Defendant Plintron

3 Technologies USA LLC and Counterclaim Defendants Mohan Kumar Sundaram, Subhashree

4 Radhakrishnan, Plintron Holdings PTE LTD, and Plintron Mobility Solutions PVT LTD.'s

5 Motion to Continue Trial Date and Extend Pretrial Deadlines (Dkt. No. 190). Having reviewed

6 the Motion, Defendants Richard Pelly, Thomas Mathew, Greg McKervey, Desiree Michelle

7 Gray, and Defendant/Counterclaim Plaintiff Joseph Phillips' Opposition (Dkt. No. 195), the

8 Reply (Dkt. No. 203), the Surreply (Dkt. No. 205), the relevant record, and all other supporting

9 materials, the Court GRANTS the Motion.

10

**BACKGROUND**

11    The underlying dispute concerns allegations that Defendants, all of whom are former

12 employees of Plaintiff, misappropriated their employer's funds, resources, and proprietary

13 information to create two competing companies. (See First Amended Complaint (Dkt. No. 189)

14 ¶¶ 1–11.) Defendant Phillips, the former CEO of Plintron USA, responded with a counterclaim

15 against his former employer alleging that the company had withheld money and other benefits

16 owed to him under his employment contract. (See generally Phillips' Answer and Counterclaim

17 (Dkt. No. 48).)

18    Trial in this case was originally set for July 14, 2025. (See Dkt. No. 62.) Defendants

19 moved for—and received—a five-to-six month continuance of all pretrial deadlines and the trial

20 date was rescheduled for December 1, 2025. (Dkt. No. 111.) Two months after the first

21 continuance, Phillips was granted leave to amend his counterclaims and added six new

22 counterclaim defendants—including Sundaram, Radhakrishnan, Plintron Holdings, and Plintron

23 Mobility—and four new causes of action to his counterclaims. (Dkt. Nos. 156, 157.)

24

1    The Counterclaim Defendants now seek a five-month continuance of the trial date and

2    pretrial deadlines. (Mot. at 5.) They assert that an extension is necessary to provide Plintron and

3    the remaining Counterclaim Defendants "at least some chance" to promulgate discovery, identify

4    and produce experts, and otherwise address Phillips' added counterclaims. (Mot. at 5.)

5    Additionally, they state that an extension would allow for resolution of the Counterclaim

6    Defendants' pending Motion to Dismiss before being otherwise subjected to the expense and

7    burden of litigation. (Id.) Phillips and the Defendants disagree on the basis that the amended

8    counterclaims have not so altered the case as prejudice the added parties and further say that an

9    extension would result in prejudice to Phillips, "whose business interests are losing customers

10   and investors who are standing on the sideline until this lawsuit reaches resolution." (Opp. at 15.)

11   While the Motion was pending review, the Parties stipulated to the dismissal of

12   Counterclaim Defendants Hem Senthil Raj and Murali Krishna Posa and of three of the new

13   counterclaims added by Phillips' amendment. (See Dkt. No. 208.)

**ANALYSIS**

15   Rule 16 provides that a scheduling order "may be modified only for good cause and with

16   the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule 16(b)(6). "Rule 16(b)'s 'good cause'

17   standard primarily considers the diligence of the party seeking the amendment." Johnson v.

18   Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify

19   the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the

20   extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere

21   failure to complete discovery within the time allowed does not constitute good cause for an

22   extension or continuance." Local Rule 16(b)(6). "If [the] party [seeking the extension] was not

23   diligent, the inquiry should end." Johnson, 975 F.2d at 609.

24

The Court finds good cause to continue the trial date and interim case deadlines, as requested by Plaintiff/Counterclaim Defendant Plintron and the remaining Counterclaim Defendants. First, the Court agrees that the newly added Counterclaim Defendants must be afforded some time to prepare their defense and address the allegations only recently brought against them by Phillips. Despite Phillips' claims that these Defendants have been "involved in the litigation since the beginning," that involvement was limited. (See Opp. at 13.) It was only upon Phillips' amendment that they themselves were exposed to legal liability in this matter and able to use legal procedures otherwise reserved for named litigants. For example, prior to Phillips' amendment, the Counterclaim Defendants were subject to discovery requests made by Phillips, but unable to employ their own such efforts to independently discover the basis of Phillips' claims as to the individual Counterclaim Defendants. (Id. at 13.) Without a continuance of this matter, those Counterclaim Defendants will lose this opportunity and the procedural protections afforded them under the Federal Rules of Civil Procedure.

Second, any prejudice suffered by Phillips due to a continuance would be largely self-inflicted. It was his decision to seek amendment of his counterclaims nearly a year after they were first filed. It was his decision to include multiple new counterclaim defendants—both individuals and corporations—and multiple new causes of action. Because Phillips' complaints about the delayed resolution of this lawsuit run contrary to his actions, the Court does not find Phillips' prejudice argument to be persuasive.

Accordingly, the Court will grant the Motion but does so with a pair of reservations. First, due to the time passed since this case was originally filed, the Court is unlikely to grant any further continuances in this case. Second, although the extension will effectively reopen discovery and the possibility of discovery motion practice, the Court's February 21, 2025, Order

1  on Further Discovery Motion Procedure remains in effect. (Dkt. No. 146.) Any new discovery

2  motions brought by the Parties—including those brought by the added Counterclaim

3  Defendants—must continue to follow the expedited joint motion procedures set forth in LCR

4  37(a).

**CONCLUSION**

6      Having found good cause to do so, the Court GRANTS the Motion, and sets the

7  following new trial date and interim deadlines:

| Deadline | Existing Deadline | New Deadline |
|---|---|---|
| JURY TRIAL DATE | December 1, 2025, at 9:00 AM | May 4, 2026, at 9:00 AM |
| Reports from expert witness under FRCP 26(a)(2) due | May 5, 2025 | October 6, 2025 |
| All motions related to discovery must be filed and noted on the motion calendar in compliance with Local Civil Rule (LCR) 7(d) | June 4, 2025 | November 3, 2025 |
| Discovery completed by | July 7, 2025 | December 8, 2025 |
| All dispositive motions must be filed by and noted on the motion calendar in compliance with LCR 7(d) | August 4, 2025 | January 5, 2026 |
| All motions in limine must be filed by and noted on the motion calendar in compliance with LCR 7(d)(5) | October 27, 2025 | March 27, 2026 |
| Agreed pretrial order due | November 18, 2025 | April 20, 2026 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions: | November 18, 2025 | April 20, 2026 |
| Pretrial conference | November 20, 2025, at 1:30 PM | April 22, 2026, at 1:30 PM |
| Length of Jury Trial | 8–10 Days | 8–10 Days |

The clerk is ordered to provide copies of this order to all counsel.

Dated July 29, 2025.

Marsha J. Pechman
United States Senior District Judge