UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH PHILLIPS, RICHARD PELLY, THOMAS MATHEW, GREG MCKERVEY, and DESIREE MICHELLE GRAY,<br><br>Defendants. | CASE NO. 2:24-cv-00093<br><br>ORDER ON MOTION TO SEAL |
| JOSEPH PHILLIPS,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>PLINTRON TECHNOLOGIES USA LLC, et al.<br><br>Counterclaim Defendants. | |

ORDER ON MOTION TO SEAL - 1

# INTRODUCTION

This matter comes before the Court on Defendant/Counterclaim Plaintiff Joseph Phillips' Motion to Seal (Dkt. No. 216). Having reviewed the Motion, Plaintiff/Counterclaim Defendant Plintron USA and Counterclaim Defendants Mohan Sundaram and Subhashree Radhakrishnan's Notice of Non-Opposition (Dkt. No. 231), and all other supporting materials, the Court GRANTS the Motion IN PART.

# BACKGROUND

In responding to Counterclaim Defendants' Motion to Dismiss, Phillips filed under seal Exhibits E, F, G, H, M, N, P, Q, S, U, W, X, Y, Z, AA, AB, AC, and AD of the Declaration of Matthew Diggs (Dkt. No. 219), along with redacted versions of Phillips' Opposition Brief (Dkt. No. 213), Exhibits I, J, R, and T to the Diggs Declaration (Dkt. No. 214), and the Declaration of Joseph Phillips (Dkt. No. 215). He now seeks an Order allowing those materials to remain under seal or otherwise redacted. (Dkt. No. 216.)

# ANALYSIS

**A.    Legal Standard**

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the Court finds that the compelling interest test applies, as the materials Phillips asks the Court to seal are related to his response to Counterclaim Defendants' Motion to Dismiss and are therefore "more than tangentially related to the merits of the case." Id.

1    Under the "compelling interest" test, the Court must "conscientiously balance[] the
2    competing interests of the public and the party who seeks to keep certain judicial records secret."
3    Kamakana v. City & Cty . of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and
4    quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling
5    reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or
6    conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a
7    protective order to demonstrate that (1) the material in question is a trade secret or other
8    confidential information within the scope of Rule 26(c), and (2) disclosure would cause an
9    identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131
10   (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to
11   keep materials under seal to show: (1) "the legitimate private or public interests that warrant the
12   relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a
13   less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B).
14   "Evidentiary support from declarations must be provided where necessary." Id.

15   **B.    Exhibits to the Diggs Declaration**

16   As an initial matter, Phillips argues that "Exhibits H, K, P, Q, U, and X" of the Diggs
17   Declaration should remain under seal on the basis that they are the same documents which
18   previously ordered to be maintained under seal. (Mot. at 5 (citing Dkt. No. 151.) With one
19   exception, the Court agrees. Exhibit K to the Diggs Declaration was not filed under seal in
20   support the instant motion, (see Dkt. No. 214, Ex. K (filed in open court without redactions)) nor
21   has the document been previously filed under seal, (see Dkt. No. 83, Ex. M (same)). Outside of
22   this exception, however, the Court finds that the remaining exhibits contain documents which

were previously ordered sealed and sees no reason to disturb that ruling here. Exhibits H, P, Q, U, and X to the Diggs Declaration (Dkt. No. 219) shall remain under seal.

Phillips seeks to seal the remaining Exhibits—E, F, G, M, N, S, W, Y, Z, AA–AD—on the basis that they contain information which, he, Plintron USA, KNAV, or Lycamobile "designated confidential or AEO at the time of production pursuant to the Stipulated Protective Order." (Mot. at 4.) In Plintron's non-opposition, it claims that these exhibits "contain or references personal financial information concerning Plintron USA's current or former employees, compensation information for Plintron USA's current or former employees, Plintron USA's business contracts and financial data, confidential financial information such as bank account information and personal financial records, and Plintron USA trade secrets and proprietary information." (Dkt. No. 231 at 2.) While Phillips claims to have met and conferred with KNAV regarding the designations, the same cannot be said for Lycamobile. (See Mot. at 2 n.1.) Regardless, no non-party has provided any support or evidence as to why documents they designated as confidential should remain under seal.

The Court finds compelling reasons that some, but not all, of the remaining exhibits should remain under seal. As an initial matter, Local Civil Rule 5(g)(3)(B) requires "the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." This remains the case even "[w]here the parties have entered a litigation agreement or stipulated protective order . . . governing the exchange in discovery of documents that a party deems confidential." Id. Neither Plintron nor nonparties Lycamobile or KNAV, (i.e., the designees) have argued or otherwise demonstrated via affidavit or sworn declaration that the unsealing of these exhibits would result in injury, nor why redaction of these documents is insufficient to prevent that injury. See LCR 5(g)(3)(B)(ii)–(iii). Rather,

ORDER ON MOTION TO SEAL - 4

1  Plintron's brief non-opposition simply recites categories found in the protective order and claims
2  that because the Court had previously sealed similar information, "[t]he same treatment is
3  warranted here." (Dkt. No. 231 at 2.) And non-parties Lycamobile and KNAV have provided no
4  indication as to what harms they would suffer should their agreements be filed on the Court's
5  public docket, nor why they must be sealed in their entirety. None of this is sufficient to allow
6  the documents to remain under seal, and therefore the Court DENIES the Motion as to those
7  Exhibit
8         The Court finds that the Parties have satisfied LCR 5(g)(3)(B) as to only Exhibit E—an
9  agreement between T-Mobile and Plintron USA. In his motion, Phillips adequately alleges that
10 the document "contains confidential and sensitive information that is not ordinarily available to
11 the public," as were it exposed it "would pose competitive harm to the contracting parties." (Mot.
12 at 5.) He further claims that his proposal to "seal[] or redact[] the minimum amount of
13 information necessary pursuant to [the] designations," is enough to "protect legitimate business
14 interests. While the Court typically requires such claims to be supported through evidence such
15 as declarations, see LCR 5(g)(3)(B) ("Evidentiary support from declarations must be provided
16 where necessary"), here it is enough that Phillips has done so through his motion to seal. The
17 Court is satisfied that Exhibit E should remain under seal.
18 **C.     Redactions**
19         Phillips further argues that the Court should maintain under seal the redactions to his
20 Opposition, Phillips' Declaration, and Exhibits I, J, R, and T to the Diggs Declaration. He has
21 supported this request through a providing the Court with a chart listing the reason each
22 redaction should remain under seal. (See Diggs Decl. (Dkt. No. 217) ¶ 6.) Plintron's non-
23 opposition does not mention these redactions.
24

ORDER ON MOTION TO SEAL - 5

1 As an initial matter, the Court finds that the redactions to the briefs, declaration, and exhibits to be minimal and well-tailored to the potentially sensitive information. Unlike the request above, the redactions do not remove entire documents from the public's eye. Specific and limited redactions weigh in favor of permitting a redacted document to remain on the docket. And while the reasons given for the redactions are relatively thin—e.g., reflecting "internal processes"—the Court finds them sufficient given the minimal nature of the redactions themselves. Therefore, the Motion is GRANTED as to the redacted versions of Phillips' Opposition, Phillips' Declaration, and Exhibits I, J, R, and T to the Diggs Declaration.

## CONCLUSION

The Motion is GRANTED IN PART. Exhibits H, P, Q, U, and X to the Diggs Declaration (Dkt. No. 219) are documents which the Court previously ordered sealed and shall therefore remain under seal. And the Phillips has complied with the local rules in demonstrating why Exhibit E should remain under seal. The Clerk is directed to maintain those Exhibits under seal as filed. Similarly, the Clerk is directed to maintain the redacted versions of Phillips' Opposition (Dkt. No. 218), Phillips' Declaration (Dkt. No. 221), and Exhibits I, J, R, and T to the Diggs Declaration (Dkt. No. 214) as filed.

However, no Party (or nonparty) has fulfilled the requirements of LCR 5(g)(3)(B) as to Exhibits F, G, M, N, S, W, Y, Z, and AA–AD to the Diggs Declaration (Dkt. No. 219). Specifically, the onus is on the designating party to provide some evidence to show what injury it would suffer should their agreements be filed on the Court's public docket and why the exhibits must be sealed in their entirety to prevent that harm. Therefore, the Motion is DENIED as to those exhibits. Within 14 days of this Order, Phillips is ORDERED to file a new version of the

ORDER ON MOTION TO SEAL - 6

Diggs Declaration containing unredacted and unsealed versions of Exhibits F, G, M, N, S, W, Y, Z, and AA–AD.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 2, 2025.

Marsha J. Pechman
United States Senior District Judge