UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>JOSEPH PHILLIPS, *et al.*,<br><br><br>             Defendants. | Case No. C24-93-TL-MLP<br><br>ORDER FOR LEAVE TO AMEND |
| JOSEPH PHILLIPS,<br><br>             Counterclaim Plaintiff,<br><br>    v.<br><br>PLINTRON TECHNOLOGIES USA LLC, *et al.*,<br><br>             Counterclaim Defendants. | |

**I.     INTRODUCTION**

Before the Court is Counterclaim Plaintiff Joseph Phillips' Motion for Leave to Amend. (Mot. (dkt. ## 250, 255).) Counterclaim Defendants Plintron Technologies USA LLC ("Plintron USA"), Mohan Kumar Sundaram, and Subhashree Radhakrishnan (together, the "Counterclaim

ORDER FOR LEAVE TO AMEND - 1

Defendants") filed an opposition (Resp. (dkt. # 307)), and Mr. Phillips filed a reply (Reply (dkt. # 313)).

Having considered the parties' submissions, the governing law, and the balance of the record, Mr. Phillips' Motion (dkt. ## 250, 255) is GRANTED. The Court's reasoning is detailed below.

## II.    BACKGROUND

The Court incorporates the factual background and procedural history as set forth in previous orders (*see* dkt. # 238 at 2-4), and summarizes only the facts pertinent to this Motion.

This action involves counterclaims by Mr. Phillips against the Counterclaim Defendants. On August 5, 2025, the Court partially granted Counterclaim Defendants' motion to dismiss, dismissing Mr. Phillips' unjust enrichment and conversion counterclaims with prejudice and his wage withholding double damages counterclaim as to Ms. Radhakrishnan without prejudice. (Dkt. # 238 at 23.) The Court upheld Mr. Phillips' wage withholding, personnel file, and civil conspiracy counterclaims. (*Id.* at 23-24.)

On September 16, 2025, Mr. Phillips moved for leave to amend his counterclaims to: (1) reassert the wage withholding double damages claim against Ms. Radhakrishnan based on newly discovered facts; (2) update his personnel file claim under the newly effective RCW 49.12.261; (3) add a claim for attorney's fees under RCW 49.48.030; and (4) remove dismissed parties and claims. (Mot. at 2.)

## III.    DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend pleadings] when justice so requires." This rule should be interpreted and applied with

ORDER FOR LEAVE TO AMEND - 2

"extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In evaluating motions to amend under this standard, courts in the Ninth Circuit consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Prejudice to the non-moving party remains the "touchstone of the inquiry" under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of demonstrating prejudice rests with the party opposing amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Where, as here, a party seeks to amend a pleading after the deadline set in a court's scheduling order, the party must first demonstrate "good cause" under Federal Rule of Civil Procedure 16(b)(4). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Unlike Rule 15(a), which emphasizes prejudice and bad faith, Rule 16(b) focuses on the diligence of the party seeking amendment. *Id.* at 609.

### B. Application of Rule 16(b)

The Counterclaim Defendants accurately note that Mr. Phillips' Motion did not address the threshold requirement of good cause under Rule 16(b), arguing instead under Rule 15(a). (Resp. at 9.) Mr. Phillips therefore addressed the good cause requirement in his Reply. (Reply at 2-5.) The Court may properly consider arguments raised for the first time in a reply when they respond to contentions advanced in the opposition. *See Ejonga v. Strange*, 2023 WL 4457142, at *1 (W.D. Wash. July 11, 2023).

Mr. Phillips filed the present Motion within two months of the Court's Order partially granting the Counterclaim Defendants' motion to dismiss, a delay that does not itself defeat a

ORDER FOR LEAVE TO AMEND - 3

finding of diligence (Mot.). *See Shriver v. Olympia Police Dep't*, 2022 WL 4754942, at *2 (W.D. Wash. Oct. 3, 2022) (two-month delay after triggering event did not defeat diligence). This delay is further justified by the Counterclaim Defendants' untimely discovery responses, which produced documents and testimony supporting Mr. Phillips' amended allegations concerning Ms. Radhakrishnan (Mot. at 5-10, 15). *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (good cause found where non-moving party contributed to delay). Mr. Phillips also acted promptly to conform his personnel file counterclaim to recent statutory changes (Mot. at 2; Reply at 3-4). *See Cervantes v. Zimmerman*, 2019 WL 1129154, at *5 (S.D. Cal. Mar. 12, 2019) (amendment warranted to reflect changes in law or litigation developments). These circumstances collectively demonstrate the diligence required under Rule 16(b).

### C.   Amendment Under Rule 15(a)

Having found Rule 16(b) satisfied, the Court turns to the Rule 15(a) factors.

#### 1.   Bad Faith

Bad faith in this context implies a conscious doing of a wrong, such as an intent to deceive, harass, or unduly delay. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). The record, here, contains no evidence of dishonest purpose, moral obliquity, or ill will on the part of Mr. Phillips. *See United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185, *opinion amended on denial of reh'g,* 326 F.3d 1028 (9th Cir. 2003). The Counterclaim Defendants' assertions—that the Motion introduces new claims, reiterates requests for personnel files, or attempts to circumvent summary judgment—are unpersuasive. (Resp. at 7-10.) Mr. Phillips' proposed amendments refine rather than reinvent his claims, and he filed this Motion before the Counterclaim Defendants moved for summary judgment. Moreover, all inferences

must be drawn in favor of amendment. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). This factor favors amendment.

### 2. *Undue Delay*

Undue delay is delay that causes prejudice to the opponent or imposes unwarranted burdens on the court. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012). Although Mr. Phillips acknowledges some lapse of time since learning the additional factual basis for his wage theory (Mot. at 4), the delay is partially attributable to the Counterclaim Defendants' own conduct and the timing of the Court's dismissal Order. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (context matters in assessing delay). This factor is neutral or slightly favors amendment.

### 3. *Prejudice to the Opposing Party*

Prejudice "means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citations omitted). The Counterclaim Defendants argue prejudice based on the prior dismissal of the wage claim, completed deposition of Mr. Phillips, and the elapsed amendment deadline. (Resp. at 13.) Yet delay alone, or the mere prospect of additional discovery, does not constitute substantial prejudice. *See Wizards of the Coast LLC*, 309 F.R.D. at 652. Furthermore, the Counterclaim Defendants' contention that amendment is prejudicial because they "already have deposed Phillips and no longer can question him about his proposed new claims and allegations" is undermined by the Court's subsequent extension of discovery deadlines to March 2026.[1] (Resp. at 13; *but see* dkt. # 357.) Here, the Counterclaim Defendants offer only generalized assertions of hardship, which are

---

[1] While the parties must seek the Court's leave for additional depositions, this procedural requirement has been in place since January 2025 (dkt. # 111) and does not, here, support a finding of prejudice.

ORDER FOR LEAVE TO AMEND - 5

insufficient to meet their burden. *See, e.g.*, *Thao v. Swarthout*, 2024 WL 3904874, at *3 (E.D. Cal. Aug. 22, 2024). As prejudice is the "touchstone" of the Rule 15(a) inquiry, this factor favors amendment. *Eminence Capital*, 316 F.3d at 1052.

    4.  *Futility of Amendment*

Amendment is futile only if the pleading cannot be saved by any amendment. *Corinthian Colleges*, 655 F.3d at 995. The Counterclaim Defendants' arguments regarding the merits of the new allegations (*see generally* Resp. at 13-16) are more appropriately raised in a motion to dismiss or for summary judgment. *See Steward v. CMRE Fin. Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) (noting preference for deferring futility arguments until arguments are raised in substantive motion practice). Reviewing the proposed amendments (dkt. # 263, Ex. A), the Court cannot conclude that "it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Mahone v. Pierce Cnty.*, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011). This factor favors amendment.

    5.  *Previous Amendments*

While a court's discretion to deny amendment is broader where a party has previously amended its pleading, *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), the Counterclaim Defendants offer only a conclusory argument that Mr. Phillips should not receive a "third chance." (Resp. at 16.) This assertion is further undermined by the fact that the Court's prior dismissal of the wage withholding claim against Ms. Radhakrishnan was without prejudice and therefore invited amendment to address the pleading deficiencies identified. (Dkt. # 238 at 23-24.) Under these circumstances, and absent any developed argument of unfairness or undue burden, this factor is neutral or leans slightly in favor of amendment.

In sum, each of the relevant factors either strongly favors amendment or is neutral or leans slightly in favor of amendment. Accordingly, the Court finds Mr. Phillips has demonstrated good cause under Rule 16(b) and that the Rule 15(a) factors support granting leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Phillips' Motion (dkt. ## 250, 255) is GRANTED.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 9th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge