UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLINTRON TECHNOLOGIES USA LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSEPH PHILLIPS, *et al.*,<br><br>                Defendants. | Case No. C24-93-TL-MLP<br><br>ORDER GRANTING MOTIONS TO SEAL |
| JOSEPH PHILLIPS,<br><br>              Counterclaim Plaintiff,<br><br>    v.<br><br>PLINTRON TECHNOLOGIES USA LLC, *et al.*,<br><br>              Counterclaim Defendants. | |

## I.  INTRODUCTION

This matter is before the Court on three Motions to Seal (dkt. ## 264, 327, 331) filed in connection with Plaintiff and Counterclaim Defendants' pending Motion for Summary Judgment on Counterclaims. Having considered the parties' submissions, the governing law, and the balance of the record, the Motions to Seal are GRANTED. The Court's reasoning follows.

ORDER GRANTING MOTIONS TO SEAL - 1

## II. BACKGROUND

### A. First Motion to Seal (dkt. # 264)

Plaintiff Plintron Technologies USA LLC ("Plintron USA") and Counterclaim Defendants Mohan Sundaram and Subhashree Radhakrishnan (together, "Counterclaim Defendants") provisionally filed under seal: (1) an unredacted copy of the Motion for Summary Judgment on Counterclaims (dkt. # 266, redacted copy at dkt. # 303); and (2) the following exhibits to the supporting Declaration of Randall Thomsen (Thomsen Decl. (dkt. # 267)): Exhibits 3, 8, 9, 18, 22-24, 28-40, 46, 49-50, 52, and 68-71, and portions of deposition excerpts in Exhibits 54-57, 59-60, and 62 (dkt. ## 268-302).

Plintron USA and Counterclaim Defendants now move to maintain these materials under seal. (Dkt. ## 264, 322.) They argue that compelling reasons support sealing because the documents contain personal financial information regarding current or former employees, including compensation; business contracts and financial data that are not generally available to the public; and sensitive and proprietary information related to business contract terms, confidential financial information, compensation, and trade secrets. (Dkt. # 264 at 4-7.) They represent that they met and conferred with the other parties and narrowed the requested sealing to the extent possible. (Dkt. # 265, ¶ 4.) Defendants Richard Pelly, Thomas Mathew, Greg McKervey, and Desiree Michelle Gray filed a notice of non-opposition to the First Motion to Seal. (Dkt. # 318.) Defendant and Counterclaim Plaintiff Joseph Phillips filed a response stating that he agrees with and does not oppose the First Motion to Seal. (Dkt. # 320.)

### B. Second Motion to Seal (dkt. # 327)

Mr. Phillips provisionally filed under seal: (1) an unredacted copy of his Response to the Motion for Summary Judgment on Counterclaims (dkt. # 329, redacted copy at dkt. # 323); and

(2) the following exhibits to the supporting Declaration of Matthew Digs (Diggs Decl. (dkt. # 324)): Exhibits 3-5, 7, 11-12, 16-18, 23-28, 30, 33-38, 40-42, 44-52, 54, and 58-63, and portions of deposition excerpts in Exhibits 66, and 68-73 (dkt. # 330).

Mr. Phillips now seeks to maintain these materials under seal. (Dkt. ## 327, 341.) He argues that compelling reasons support sealing because the documents contain personal information regarding current or former employees; business contracts and financial data not generally available to the public; information related to contracts that contain confidentiality clauses; and legally protectable business information or trade secrets. (Dkt. # 327 at 4-7.) He represents that he met and conferred with the other parties and minimized the scope of sealing where possible. (Dkt. # 328, ¶ 4.) Plintron USA and Counterclaim Defendants filed a response stating that they agree with and do not oppose the Second Motion to Seal. (Dkt. # 339.)

C. **Third Motion to Seal (dkt. # 331)**

Plintron USA and Counterclaim Defendants provisionally filed under seal: (1) an unredacted copy of their Reply to the Motion for Summary Judgment on Counterclaims (dkt. # 336, redacted copy at dkt. # 333); and (2) the following exhibits to the supporting Declaration of Shane Cramer (Cramer Decl. (dkt. # 334)): Exhibits A, B, E, F, I, and M, and portions of deposition excerpts in Exhibits G, H, and K (dkt. # 335).

Plintron USA and Counterclaim Defendants now seek to maintain these materials under seal. (Dkt. ## 331, 347.) They argue that compelling reasons support sealing because the documents contain sensitive personal information; proprietary business forecasts; competitive analyses and business plans; and sensitive and proprietary information related to business contract terms, confidential financial information, compensation, and trade secrets that are not generally available to the public. (Dkt. # 331 at 3-6.) They represent that they met and conferred

ORDER GRANTING MOTIONS TO SEAL - 3

1  with the parties and minimized the scope of sealing where possible. (Dkt. # 332. ¶ 4.) Mr.

2  Phillips filed a response indicating that he agrees with and does not oppose the Third Motion to

3  Seal. (Dkt. # 345.)

### III.  LEGAL STANDARDS

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id.*

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has recognized that "compelling reasons exist when court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (cleaned up). Courts in this circuit have found compelling reasons for sealing documents that contain confidential business and financial information. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying

the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Transperfect Glob., Inc. v. Motionpoint Corp.*, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).

## IV. DISCUSSION

The Court has reviewed the records at issue. As the Court previously held, documents that contain or reference sensitive and confidential financial information and contractual terms satisfy the "compelling reasons" standard. (Dkt. # 367; *see also* dkt. ## 150-51, 243.)

Here, the parties seek to seal documents and information that include proprietary business forecasts, competitive analyses, and business plans, as well as sensitive and proprietary business contract terms, confidential financial information, compensation information, and trade-secret information that is not generally available to the public. Public disclosure of these records could harm the parties' competitive standing.

Moreover, the Court finds that the sealed exhibits are limited to material the Court has previously found to be confidential and has previously sealed. The Court also notes that all three Motions to Seal are unopposed. The parties have therefore established compelling reasons for sealing these documents. Regarding the proposed redactions to the relevant pleadings, the Court finds them minimal, well-tailored to protect sensitive information, and not obstructive to public understanding. Accordingly, the Motions to Seal (dkt. ## 264, 327, 331) are GRANTED.

## V. CONCLUSION

For the foregoing reasons, the parties' Motions to Seal (dkt. ## 264, 327, 331) are GRANTED. The Court ORDERS as follows:

(1) Exhibits 3, 8, 9, 18, 22-24, 28-40, 46, 49-50, 52, and 68-71, and the sealed portions of deposition excerpts in Exhibits 54-57, 59-60, and 62 to the Thomsen Declaration shall remain under seal (dkt. ## 268-302);

(2) Exhibits 3-5, 7, 11-12, 16-18, 23-28, 30, 33-38, 40-42, 44-52, 54, and 58-63, and the sealed portions of deposition excerpts in Exhibits 66, and 68-73 to the Diggs Declaration shall remain under seal (dkt. # 330);

(3) Exhibits A, B, E, F, I, and M, and the sealed portions of deposition excerpts in Exhibits G, H, and K to the Cramer Declaration shall remain under seal (dkt. # 335);

(4) The unredacted versions of the Motion for Summary Judgment on Counterclaims (dkt. # 266), Response (dkt. # 329), and Reply (dkt. # 336) shall remain under seal. The redacted versions (dkt. ## 303, 323, 333) shall remain on the docket in redacted form.

(5) The Clerk is directed to send copies of this order to the parties and to the Honorable Tana Lin.

Dated this 9th day of January, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge